IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-002204-REB-KLM

**MADISON INVESTMENT TRUST**, a Delaware investment trust,

    Plaintiff, Counterclaim-Defendant,

v.

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**,
a national banking association,

    Defendant, Counterclaimant.

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Pursuant to the Joint Motion of Plaintiff and Counterclaim-Defendant, Madison Investment Trust ("Madison"), and Defendant and Counterclaimant, The Bank of New York Mellon Trust Company, N.A. (the "Trustee"), the Court hereby Orders as follows:

1.    The "Litigation" shall mean the above-captioned case, *Madison Investment Trust v. The Bank of New York Mellon Trust Company, N.A.*, Civil Action No. 1:08-cv-002204-REB-KLM (U.S. District Court, District of Colorado).

2.    "Documents" or "information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.

3.      "Party" (or "Parties") shall mean one party (or both parties) in this Litigation, Madison and the Trustee, and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any documents or information. "Receiving Party" shall mean any person or entity who receives any such documents or information.

4.      The Parties agree that, in conjunction with the discovery proceedings in this Litigation, the Parties may designate any document, thing, material, testimony, or other information derived therefrom (hereinafter collectively referred to as "information") as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order") which shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order. Confidential information is information which has not been made public and which contains trade secret, proprietary and/or sensitive business or personal information.

5.      CONFIDENTIAL documents shall be so designated by marking or stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Marking or stamping the legend "CONFIDENTIAL" on the cover of any multi-page document, a file containing multiple documents, or a cd containing multiple documents, shall designate all pages of the document, file, or cd as CONFIDENTIAL, unless otherwise indicated by the Producing Party.

6.      Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits

containing information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also agree that an entire deposition transcript shall be designated CONFIDENTIAL. In the alternative, counsel for the Parties may agree to designate a deposition as CONFIDENTIAL within ten (10) days of receipt of the transcript.

7.     CONFIDENTIAL information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

(a)     The United States District Court for the District of Colorado, or any other United States District Court to which this matter may be transferred (the "Court"), and persons assisting the Court or assisting in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

(b)     In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court") and persons assisting the Appellate Court or the Supreme Court or assisting in the Litigation process (including, but not limited to, Appellate and Supreme Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

(c)     The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(d)     A Party, or an officer, director, affiliate, agent or other professional, authorized person, investor, or current or former employee of a Party or of a Party's

affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement;

(e) Subject to the terms of Paragraph 10 below, third party witnesses disclosed in the Receiving Party's Rule 26(a)(1) disclosures or supplements thereto, as may reasonably be necessary in preparation for deposition or hearing testimony;

(f) Subject to the terms of Paragraph 10 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

(g) Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

(h) Any other person, including but not limited to third party witnesses not disclosed in the Receiving Party's Rule 26(a)(1) initial disclosures or supplements thereto, provided that the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within five calendar days of delivery of the notification. In the event of an objection, the Producing Party shall have the right to move the Court for a protective order, and no disclosure shall be made pending the resolution of such motion for protective order. Before any person may receive documents or information pursuant to this subparagraph, he or she must comply with the requirements of paragraph 10 below.

8.  All designations of information as CONFIDENTIAL by the Producing Party must be made in good faith. All Parties reserve the right to challenge the designation of information as CONFIDENTIAL. In the event of such a challenge, the Producing Party has the burden of establishing the appropriateness of the CONFIDENTIAL designation.

9.  While protected by this Order, any information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose.

10.  With respect to outside experts and third parties, including third party witnesses, to become an authorized expert, third party, or third party witness entitled to access to CONFIDENTIAL information, the expert or individual must be provided with a copy of this Order and must sign a certification acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification.

11.  Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL information to a person who created or previously received (as an addressee or by way of copy) such information.

12.  The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may,

promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL information prior to the receipt of such notice, if known, shall be reported to the Producing Party and shall not be deemed a violation of this Confidentiality Agreement.

13.   A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL information will be disclosed.

14.   Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

15.   If CONFIDENTIAL information is contained in any brief or other paper to be filed in Court by a Party, the CONFIDENTIAL information will be redacted from such brief or other paper and shall be appropriately marked and separately filed in a sealed envelope. The envelope shall set forth on its face the case caption, the title of the paper, a notation that the paper is filed under seal, and the title and date of the Court Order authorizing the paper to be filed under seal. Upon or before tendering such CONFIDENTIAL information to the Court for filing, the Party shall file a motion with the Court to obtain leave to file it under seal. Such motion shall be made in compliance with Court rules. See D.C.COLO.LcivR 7.2. If such leave is not timely obtained, then the Party desiring to file the CONFIDENTIAL information shall confer in good faith with the

Producing Party to determine how such information otherwise may be provided to the Court. If the Court ultimately refuses to allow such information to be filed under seal, then it may be filed not under seal but in such form and manner as may honor, to the extent reasonably possible, the desire of the original Producing Party to keep the information confidential.

16. This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL information as it deems appropriate.

17. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL information and shall cooperate with the Party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

18. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL information through discovery shall

return all such CONFIDENTIAL information to the Producing Party. Outside Counsel may retain one copy of pleadings; motions; deposition transcripts; exhibits submitted with such documents; and trial, hearing or other exhibits filed or otherwise submitted to the Court that contain CONFIDENTIAL information solely for archival purposes and the restrictions of this Protective Order shall apply to Outside Counsel for as long as they hold such archival documents.

19. The obligation to treat all information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL information shall survive any settlement or other termination of this Litigation.

20. The inadvertent production of any information during discovery in this action shall be without prejudice to any claim that such information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced information shall be returned by the receiving Party within three business days of any written request therefore. The receiving Party retains the right to challenge the information as having been inadvertently produced or, if inadvertently produced, as protected from discovery on grounds of privilege or work product.

21. The Parties shall confer in advance of trial as to such appropriate protections as may be necessary during trial to protect information designated as CONFIDENTIAL.

22. The Parties shall have ten (10) days from the date of this Order to designate any documents already produced in this matter as CONFIDENTIAL. Such designation may be made by indicating in writing to counsel for the other Party the specific documents or information being designated as CONFIDENTIAL.

23. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

Dated: _May 26, 2009_

_/s/ Kurt J. Mix_

U.S. ~~District Court~~ Judge
Magistrate

10044\33\1254898.8