IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02204-MJW-KLM

MADISON INVESTMENT TRUST,

Plaintiff and Counterclaim Defendant,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,

Defendant and Counterclaimant.

---

**ORDER REGARDING:
(1) PLAINTIFF AND COUNTERCLAIM DEFENDANT MADISON INVESTMENT
TRUST'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY
(DOCKET NO. 66)
AND
(2) DEFENDANT AND COUNTERCLAIMANT THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.'S MOTION FOR SUMMARY JUDGMENT
(DOCKET NO.84)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion for Partial Summary Judgment on Liability (docket no. 66) and on the Defendant and Counterclaimant The Bank of New York Mellon Trust Company, N.A.'s Motion for Summary Judgment (docket no. 84). The court has reviewed both motions (docket nos. 66 and 84), the responses thereto (docket nos. 75 and 86), and the reply (docket no. 81). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case

law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motions (docket nos. 66 and 84);

4. That Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly

supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . .  These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'"  Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Id.  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . .  Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274.  "Summary

judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.;

5. That after careful consideration of the moving papers, submitted legal authority, and attached exhibits, I find there are genuine issues of material facts at to all claims and counterclaims alleged in this lawsuit, and therefore both motions (docket nos. 66 and 84) should be denied.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusion of law, this court **ORDERS**:

1. That Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion for Partial Summary Judgment on Liability (docket no. 66) is **DENIED**;

2. That Defendant and Counterclaimant The Bank of New York Mellon Trust Company, N.A.'s Motion for Summary Judgment (docket no. 84) is **DENIED**;

3. That the parties shall be prepared to try all claims and counterclaims to the court beginning on April 12, 2010, at 9:00 a.m. for five (5) days;

4. That each party shall pay their own attorney fees and costs for

these two motions.

Done this 19th day of March 2010.

                                                   BY THE COURT

                                                   <u>S/ Michael J. Watanabe</u>
                                                   MICHAEL J. WATANABE
                                                   U.S. MAGISTRATE JUDGE