IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-02204-MJW-KAM

MADISON INVESTMENT TRUST,

Plaintiff and Counterclaim Defendant,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,

Defendant and Counterclaimant.

---

ORDER REGARDING
(1) PLAINTIFF AND COUNTERCLAIM DEFENDANT MADISON INVESTMENT TRUST'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF OR REFERENCE TO HEARSAY TESTIMONY REGARDING STATEMENTS MADE BY THIRD-PARTY ATTORNEYS DURING SETTLEMENT COMMUNICATIONS
(DOCKET NO. 95);
(2) PLAINTIFF AND COUNTERCLAIM DEFENDANT MADISON INVESTMENT TRUST'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO BOND PURCHASE PRICE
(DOCKET NO. 96);
AND,
(3) PLAINTIFF AND COUNTERCLAIM DEFENDANT MADISON INVESTMENT TRUST'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF OR REFERENCE TO EVIDENCE RELATING TO COMPROMISE NEGOTIATIONS
(DOCKET NO. 97)

---

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

This matter is before the court for consideration on: (1) Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Preclude the Introduction of or Reference to Hearsay Testimony Regarding Statements Made by Third-Party

Attorneys During Settlement Communications (docket no. 95); (2) Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Exclude Evidence and Testimony Relating to Bond Purchase Price (docket no. 96); and (3) Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Preclude the Introduction of or Reference to Evidence Relating to Compromise Negotiations (docket no. 97). The court has reviewed the subject motions (docket nos. 95, 96, and 97) responses (docket nos. 127, 128, and 130) thereto. In addition, the court has take judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks to exclude a statement made by Mr. Weener. The statement is, "[d]uring the settlement negotiations, counsel for Focus admitted that the default judgment did not affect the amount it demanded from Trustee to settle the dispute." Plaintiff argues that such statement is hearsay, under Fed. R. Evid. 801, and therefore inadmissible under Fed. R. Evid. 802 and that there is no

exception to the hearsay rule which would allow its admissibility. Defendant argues that this statement falls under either the Statement Against Interest exception or Residual exception to the hearsay rule under Fed. R. Evid. 804(b)(3) and 807 respectfully. Moreover, Defendant argues that the declarant, Mr. Philip H. Weener, Esquire, is unavailable as a witness within the meaning of Fed. R. Evid. 804(a)(5) since Mr. Weener resides in Atlanta, Georgia, and beyond the subpoena power of this court. Here, I find that Defendant has failed to demonstrate that Mr. Weener is unavailable. Defendant has known of Mr. Weener since at least 2005, because he was one of the attorneys involved in the settlement negotiations on behalf of Focus Builders, Inc., in the case of <u>Focus Builders, Inc. v. Allied Home Mortgage Capital Corp. et al.</u>, Case no. 2005-CV-105547 (Sup. Ct. Fulton County, Georgia) and has waited until the eve of trial to secure his testimony. In this case, nothing prevented Defendant from seeking letters rogatory to preserve Mr. Weener's testimony well before the eve of trial. It would not have been a "useless act" to secure letters rogatory to secure Mr. Weener's testimony. Accordingly, Defendant has not met the requirement of unavailability of the declarant as required the Rule 804(b)(3) exception. Further, this court will not allow Defendant to try introduce such statement under Rule 807 for the same reasons that Defendant should have sought letters rogatory

to preserve Mr. Weener's testimony. Accordingly, Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Preclude the Introduction of or Reference to Hearsay Testimony Regarding Statements Made by Third-Party Attorneys During Settlement Communications (docket no. 95) should be granted;

5. That Plaintiff seeks to prohibit Defendant from inquiring into (a) Plaintiff's acquisition of Bonds and the price Plaintiff paid for the Bonds; (b) Plaintiff's internal investment and recovery assumptions for the Bonds; (c) Plaintiff's investors; and (d) financial and credit analysis and/or other matters related to Plaintiff's acquisition of the Bonds. Plaintiff argues that such inquiry is irrelevant to the issues before this court. Plaintiff seeks damages for diminution in value of the Property due to Trustee's purported failure to foreclose on and sell it in the summer of 2008. Here, I find that such inquiry into the topics listed above in (a) through (d), inclusive, are probative and relevant under Fed. R. Enid. 401 on the issues of damages, motive, and credibility. Accordingly, Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Exclude Evidence and Testimony Relating to Bond Purchase Price (docket no. 96) should be denied;

6. That Plaintiff seeks to exclude Defendant from introduction or reference to evidence relating to settlement negotiations between

Plaintiff and Defendant. Plaintiff argues that such evidence relating to settlement negotiations is prohibited by Fed. R. Evid. 408. Defendant argues that Rule 408(b) permits the Defendant to introduce settlement negotiations for the limited purposes of proving a witness's bias or prejudice, negating a contention of undue delay, and proving an effort to obstruct a criminal investigation or prosecution. This court agrees. Although generally evidence relating to settlement negotiations between the parties is not admissible at the trial on the merits, there are exceptions for limited purposes as outlined above in Fed. R. Evid. 408(b). Accordingly, the Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Preclude the Introduction of or Reference to Evidence Relating to Compromise Negotiations (docket no. 97) is **DENIED WITHOUT PREJUDICE** since this court will have to determine at the time of proffer of such evidence at trial whether such proffered evidence actually falls into one of the limited purposes outlined in Rule 408(b) and will also have to determine under Fed. R. Evid. 401, 402 , 403, and 105 whether to admit such proffered evidence.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Preclude the Introduction of or Reference to Hearsay Testimony Regarding Statements Made by Third-Party Attorneys During Settlement Communications (docket no. 95) is **GRANTED**.  Defendant will not be permitted to offer the following statement "[d]uring the settlement negotiations, counsel for Focus admitted that the default judgment did not affect the amount it demanded from Trustee to settle the dispute" at trial through a witness who is not the declarant;

2. That Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Exclude Evidence and Testimony Relating to Bond Purchase Price (docket no. 96) is **DENIED**; and

3. That Plaintiff and Counterclaim Defendant Madison Investment Trust's Motion in Limine to Preclude the Introduction of or Reference to Evidence Relating to Compromise Negotiations (docket no. 97) is **DENIED WITHOUT PREJUDICE** since this court will have to determine at the time of proffer of such evidence at trial whether such proffered evidence actually falls into one of the limited purposes outlined in Rule 408(b) and will also have to determine under Fed. R. Evid. 401, 402 , 403, and 105, or perhaps other Federal Rules of Evidence, whether to admit such proffered evidence depending upon on how such proffered evidence is being

offered and in what form.

Done this 2nd day of April 2010.

                                            BY THE COURT

                                            <u>s/ Michael J. Watanabe</u>
                                            MICHAEL J. WATANABE
                                            U.S. MAGISTRATE JUDGE